**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

DEBORAH A. ABILA,              )
                        )
           **Plaintiff,**     )
                        )
vs.                     )
                        )    **Case No.     CIV-06-131-HE**
JO ANNE B. BARNHART,     )
**Commissioner of the Social**   )
**Security Administration,**     )
                        )
          **Defendant.**    )

# FINDINGS & RECOMMENDATION
# OF MAGISTRATE JUDGE

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying her applications for supplemental security income benefits (SSI) under 42 U.S.C. §1382c(a)(3) and disability insurance benefits (DIB) under 42 U.S.C. §§416(i) and 423 of the Act.   This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and for the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED AND REMANDED for further administrative proceedings**.

### PROCEDURAL HISTORY

Plaintiff filed her application for DIB on May 5, 2003 and her application for SSI on February 27, 2003 alleging a disability since January 10, 2002 (TR. 64-66). The applications were denied on initial consideration on reconsideration at the administrative level (TR. 28, 29, 387, 391).   Pursuant to the Plaintiff's request, a hearing *de novo* was held before an administrative law judge (ALJ) on April 19, 2005 (TR. 402-426). The Plaintiff appeared in person and with her attorney and offered her testimony in support of the applications (TR. 405-417). A vocational expert (VE) also testified at the request of the ALJ (TR. 422-425).   The ALJ issued his decision on August 26, 2005 finding that

Plaintiff was not entitled to DIB or SSI (TR. 14-24).   The Appeals Council denied the Plaintiff's request for review on December 13, 2005, and thus, the decision of the ALJ became the final decision of the Commissioner. (TR. 7-9).

## STANDARD OF REVIEW

The Tenth Circuit case of *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800-801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by substantial evidence. (*citations omitted*). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (*citations omitted*). In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. (*citations omitted*). We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. (*citations omitted*). If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds for reversal. (*citations omitted*).

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (*citations omitted*).

## DISCUSSION & FINDINGS

In addressing the Plaintiff's disability applications the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520.  At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date, so the process continued (TR. 22).   At step two, the ALJ concluded that Plaintiff's cervical spine stenosis and cervical and lumbar degenerative disc disease were severe impairments (TR. 22).   At step three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments which meet or equal any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 23). At step four, the ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform her past relevant work (PRW) (TR. 23, 21).  Thus, at step four of the sequential analysis the ALJ concluded

2

that Plaintiff was not disabled within the meaning of the Social Security Act and was therefore not entitled to DIB or SSI (TR. 23-24).

On appeal to this Court, Plaintiff alleges that the ALJ erred by failing to properly apply and follow the sequential analysis at step four (See Plaintiff's Opening Brief at pages 5-12).

At step four, Social Security Regulation 82-62 requires an ALJ to develop the record with respect to a claimant's PRW.

> The decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision.
> . . . .
> [D]etailed information about strength, endurance, manipulative ability, mental demands and other job requirements must be obtained as appropriate.  This information will be derived from a detailed description of the work obtained from the claimant, employer, or other informed source.  Information concerning job titles, dates work was performed, rate of compensation, tools and machines used, knowledge required, the extent of supervision and independent judgment required, and a description of tasks and responsibilities will permit a judgment as to the skill level and the current relevance of the individual's work experience.

Soc. Sec. Rep. Serv., Rulings 1975-1982, SSR 82-62 (West 1982).  The ALJ must make specific factual findings detailing how the requirements of claimant's past relevant work fit the claimant's current limitations.  The ALJ's findings must contain:

> 1.    A finding of fact as to the individual's RFC.
> 2.    A finding of fact as to the physical and mental demands of the past job/occupation.
> 3.    A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

SSR 82-62; *Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994); *Henrie v. United States Dep't of Health & Human Services*, 13 F.3d 359, 361 (10th Cir. 1993).

Here, the ALJ found that Plaintiff had the RFC to

> Perform a wide range of light work. Her residual functional capacity for light work is diminished by significant nonexertional limitations, inasmuch as she is limited to occasionally bending forward at the waist, occasionally bending at the knees to come to rest on the

> knees, and occasionally bending downward by bending the legs and
> the spine. Further, she is limited to occasional overhead reaching
> with the right and left hands.

(TR. 23).   The ALJ's RFC assessment is supported by the medical evidence.

Plaintiff claims that the ALJ's error was in not making specific findings regarding the physical and mental demands of her PRW (See Plaintiff's Opening Brief at pages 6-9). It is apparent that the ALJ failed to adequately inquire as to the physical and mental demands of Plaintiff's PRW.  The ALJ included the job of waitress as being PRW despite the fact that the record fails to show that Plaintiff was ever employed as such (TR. 21, 79, 110).  The ALJ also failed to inquire or explain why he disregarded Plaintiff's own statement that her PRW as a cook required her to occasionally lift fifty pounds, and thus was actually performed at the medium exertional level (TR. 79).  The VE responded to the ALJ's hypothetical question by stating that Plaintiff would be unable to perform her PRW as a cashier (TR. 423).  There is no testimony from the VE indicating that Plaintiff could perform her PRW nor is there substantial evidence in the record which supports the ALJ's finding at step four that Plaintiff could perform her PRW (TR. 422).

Thus, it appears that the ALJ failed in his duty to develop the record with respect to Plaintiff's PRW. On remand the Commissioner should fully develop the record as to Plaintiff's PRW and make specific findings in accordance with Social Security Regulation 82-62, *Washington* and *Henrie*.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is not supported by substantial evidence and should be **REVERSED AND REMANDED for further administrative proceedings**. The parties are advised of their right to object to these findings and recommendation within twenty (20) days of the date of the filing hereof, in accordance with 28

U.S.C. §636 and Local Court Rule 72.1 (a). The parties are further advised that failure to make timely objection to these findings and recommendation waives their right to appeal from a judgment of the district court based upon these findings and recommendation. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The foregoing Findings and Recommendation disposes of all issues referred to the undersigned magistrate judge in the above captioned matter.

ENTERED this the 4th day of December, 2006.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE